PATERLINI et ux. v. MEMORIAL HOSPITAL ASS'N OF MONONGAHELA CITY, PA.

(District Court, W. D. Pennsylvania. October 18, 1915.)

No. 1201.

1. CHARITIES ⬨⬨45—HOSPITALS—ACTIONS FOR DEATH—SUFFICIENCY OF STATEMENT.

In an action against a hospital and its trustees for the death of a patient, the statement alleged that defendants had substantially completed and occupied a new hospital building and were engaged in removing their equipment and stores of drugs and chemicals thereto, that a pupil nurse in charge of a patient attempted to administer medicine prescribed for him, and with gross negligence gave him instead thereof a dose of poison from which he was killed, that defendants were grossly negligent in keeping such poison in such circumstances as to allow a nurse to make such a mistake, in so conducting the removal of the activities of the hospital from one building to another as to make such mistake possible,

---

⬨⬨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and in the employment of persons charged with the direct management of the hospital and in failing to provide for the patient a safe environment for his care, that it was a custom among hospitals to provide a separate cupboard or closet for the safe-keeping of such poisons and to keep it securely locked with a single key in the custody of some person charged with responsibility therefor, that this custom was well known and universally observed and had theretofore been observed by defendants, that they neglected such custom during the removal of the hospital and allowed the stock of poisons to be taken out of their customary depository and removed without being thus protected and left without such protection for two days before the occurrence of the mistake. *Held,* that a demurrer should be sustained, if for no other reason, because of the indefinite character of the negligence charged to the corporation and its trustees, as the statement did not show what particular agents of the corporation committed a wrongful act or neglected a duty owing the patient, and did not even state where the poison was kept or under what circumstances or in what way they were negligent in moving the hospital or in employing persons charged with the management of the hospital.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 80, 81, 102–104; Dec. Dig. ☞45.]

**2. CHARITIES ☞45—HOSPITALS—LIABILITY FOR INJURIES OR DEATH.**

A charitable hospital for the care and treatment of the diseased and injured and its trustees charged with the management thereof were not liable for the negligence of a nurse in administering poison to a patient by mistake, the nurse not being incompetent or the corporation or its officers negligent in selecting her.

[Ed. Note.—For other cases, see Charities, Cent. Dig. §§ 80, 81, 102–104; Dec. Dig. ☞45.]

**3. COURTS ☞372—PRECEDENTS—DECISIONS OF STATE COURTS AS PRECEDENTS IN FEDERAL COURTS.**

While the decisions of a state court upon a general legal proposition not covered by statute are not binding upon the federal courts, they are naturally given considerable weight by such courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 977–979; Dec. Dig. ☞372.]

At Law. Action by John Paterlini and wife against the Memorial Hospital Association of Monongahela City, Pennsylvania. On demurrer to the amended statement. Demurrer sustained.

A. O. Fording, of Pittsburgh, Pa., for plaintiffs.

McIlvain, Murphy, Day & Witherspoon, of Pittsburgh, Pa., and Andrew M. Linn, of Washington, Pa., for defendants.

THOMSON, District Judge. This is an action brought by the parents against a hospital and its trustees to recover for the death of their minor son, who lost his life by a dose of poison administered to him through the mistake of a nurse while a patient in the hospital. To the original statement as filed the defendants demurred, and on the argument the court stated that the statement of claim was entirely too vague and general to support the action. Thereupon the plaintiffs asked leave to file an amended statement of claim. To this also the defendants demur, the causes of demurrer assigned being in substance as follows: First, that the amended statement does not set forth a cause of action; second, that if a cause of action be shown there can

be no recovery had upon said amended statement for the reason that more than one year has elapsed between the death of plaintiffs' son and the filing of the amended statement; and, third, that the period of limitation in such actions in Pennsylvania is one year from the date of the death.

I cannot say that the amended statement introduces a new cause of action. The original cause of action, namely, the negligence which caused the boy's death, has not been departed from or abandoned. In the amended statement, the plaintiffs set forth certain additional circumstances comprising the alleged negligence; but it cannot be said that thereby the plaintiffs introduce a new cause of action. The case will therefore be treated on the theory that the amendment should be allowed.

[1] The amended statement alleges: That the defendant, the Memorial Hospital Association, is a corporation organized under the laws of Pennsylvania and is a citizen of the Western district thereof, and that the other defendants are citizens of said district. That the hospital is a charitable and educational corporation organized for the purpose of the reception, surgical treatment, nursing, and care of the diseased and injured and for the mitigation of bodily suffering and for the maintenance of a training school for nurses. That the defendants, naming them, during the months of April, 1914, and for a long time prior thereto, were trustees of the hospital, and that in them were vested the oversight and management of the same and of all its affairs, and were the active agents of the corporation in the control and management of its activities. That in the month of April, 1914, the defendants had substantially completed, and thereupon occupied, a new building erected for the use of the hospital. That on or about the 25th of April defendants were engaged in removing their patients, their force of physicians, nurses, attendants, and servants, and their equipment, and their stores of drugs and chemicals from the old to the new building. That the plaintiffs' son was one of the patients. That he was under treatment at the hospital and had almost recovered. That the said boy had been received and treated for the compensation of $7 a week. That on April 25, 1914, the hospital put a pupil nurse in charge of the said patient, and the nurse in attempting to administer some medicine prescribed for him, with gross negligence, gave to the patient, instead thereof, a dose of bichloride of mercury, from which he was almost instantly killed. That the defendants were grossly negligent in the management of such hospital in keeping such violent poison in such circumstances as to allow a nurse, whether careful or negligent, to make such a mistake. That they were negligent in so conducting the process of removing the activities of the said hospital from one building to another as to make such a mistake possible. That the defendants were negligent in the employment of persons charged with the direct management of the hospital, and especially with its removal. That the defendants were negligent in failing to provide for the patient a safe environment for his care, and particularly and more specifically for the reason that it was a custom among hospitals to provide a separate cupboard or closet for the safe-keeping therein of such poisons, and

for keeping them separate and apart from all other drugs, and to keep such cupboard or closet securely locked, with a single key in the custody of some person charged with the responsibility thereof, so that no physician or nurse, by design or mistake, could obtain any poison in such hospital without applying to the custodian. That by such precautions the danger of accidents or mistakes was greatly reduced. That this custom has prevailed in the commonwealth for years is well known and universally observed, and that the defendants had theretofore observed such custom. That this is a simple, expedient, and well-known precaution, and that the defendants neglected such custom during the process of the removal of the said hospital from one building to another, and neglected the customary precautions, in that in the said removal they allowed the stock of poisons then on hand to be taken out of their customary depository for removal, and to be removed without being thus protected, and, after removal to the new building, to be left without such separate care, and without the usual protection of lock and key, for two days before the occurrence of the mistake which caused the death of the patient.

I regard the averments of the statement as too vague and general to meet the requirements of good pleading. The corporation acts only by its agents. What particular agent or agents committed a wrongful act, or neglected some duty owing to the plaintiffs, should be set forth clearly and definitely, so that defendants might be fully informed of and be prepared to answer the specific matter charged against them. I think the declaration wholly fails in these requirements of pleading. It is not even stated where the poison was kept or under what circumstances. It is not stated in what way defendants were negligent in removing the "activities of the said hospital" from one building to another. In what way they were negligent in the employment of persons charged with the management of the hospital, or in the duty of its removal to the new building. If for no other reason, I think the demurrer should be sustained because of the indefinite character of the negligence charged against the corporation and its trustees.

[2] But on a broader ground I think the action cannot be sustained. It appears that the corporation is a charitable and educational institution for the care and treatment of the diseased and injured, and that the other defendants were its trustees charged with the management thereof. It also appears that the direct cause of the death was the negligence of the nurse who was in the immediate charge of the patient. Under these circumstances, I think there is no liability against the hospital or its trustees. In Pennsylvania, the law is well settled.

In Fire Insurance Patrol v. Boyd, 120 Pa. 624, 15 Atl. 553, 1 L. R. A. 417, 6 Am. St. Rep. 745, it was held that a corporation which in the performance of its corporate duties was acting without gain or profit in aid and ease of the municipal government in the preservation of life and property, whether as a volunteer or not, is a public charity and not subject to the doctrine of respondeat superior.

In Gable v. Sisters of St. Francis, 227 Pa. 254, 75 Atl. 1087, 136 Am. St. Rep. 879, an action was brought against the hospital to recover damages by a patient for injuries sustained by the negligent plac-

ing of certain bottles or jars containing hot water against her after an operation, by reason of which her body was burned while she was unconscious and helpless. The court held that a purely public charity cannot be held liable for the tort of its servants; that a corporation which has erected a hospital out of charitable bequests and maintains it from charitable donations, and admits every.person to its care, irrespective of religious faith or ability to pay, is a purely public charity, and not liable for personal injuries caused by the negligence of a nurse in the hospital, and it is immaterial that the person injured was a pay patient, and that one-third of the hospital's space was used for the care of pay patients; and it is also immaterial that the person injured in a suit against the hospital has filed a paper disclaiming any right of execution against any fund held for charitable uses, and all income other than that received from pay patients. Justice Stewart says:

"It is a doctrine too well established to be shaken, and as unequivocally declared in our own state as in any other, that a public charity cannot be made liable for the tort of its servants. The doctrine rests fundamentally on the fact that such liability, if allowed, would lead inevitably to a diversion of the trust funds from the trust purposes."

[3] While the decisions of the state court upon a general legal proposition not covered by statute are not binding upon the federal courts, they naturally are given considerable weight by the federal courts. The doctrine as laid down in Pennsylvania, however, seems to be in harmony with the decisions in the federal courts, although the same conclusion may be reached by different courses of reasoning. In Powers v. Massachusetts Homeopathic Hospital, 109 Fed. 294, 47 C. C. A. 122, 65 L. R. A. 372, it was held that a patient in a public hospital, chartered as a charitable corporation, although under private management, cannot recover from such corporation for injuries resulting from the negligence of a nurse employed in the hospital and in whose selection due care was used, there being an implied agreement, arising from the acceptance by the patient of the corporation's bounty, that it shall not be liable for the acts of such servant in administering the charity. This case was very fully considered by the Circuit Court of Appeals, and the judgment of the Circuit Court in favor of the defendant was affirmed.

In the case at bar there is no allegation that the nurse was incompetent, or that the corporation or its officers were negligent in selecting this particular nurse, and the accident resulting in the death appears to have been the result of her negligence.

The demurrer is therefore sustained.